NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JAMES FRANCIS MARLOWE, *Appellant*.

No. 1 CA-CR 20-0011
FILED 1-28-2021

Appeal from the Superior Court in Mohave County
No. S8015CR201901327
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Cynthia J. Bailey joined.

---

**H O W E**, Judge:

¶1        James Marlowe appeals his conviction and sentence for possession of marijuana.  His counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that he found no arguable questions of law and asking us to search the record for fundamental error. Marlowe was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Marlowe's conviction and sentence.

### FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Marlowe. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). In August of 2019, numerous officers of different agencies conducted a warrant search at a residence located at 1924 Sea Breeze. Although not the title owner, Marlowe answered the door and restrained a dog so that police could enter. The target of the warrant search was John Teresch, who was not present.

¶3        Underneath a table in the room closest to the front door, officers found a small thumb-sized bag containing a usable amount of marijuana, and a manila envelope containing Marlowe's personal papers. On the tabletop was writing that included the letters "P-13," which was also a tattoo on Marlowe's body, and Marlowe's cell phone.

¶4        There were two other bedrooms. One bedroom was locked with no one present. A female occupied the other, her clothing and other items strewn about.

¶5        At trial, Marlow was identified as the man who answered the door and secured the dog. Defense counsel objected to the introduction of "P-13" handwriting and tattoo evidence as improper evidence of gang affiliation. The court ruled that the evidence was relevant as to the issue of constructive possession, connecting the defendant to the room and vicinity

where the marijuana was found and was not unfairly prejudicial since there was no evidence of gang affiliation presented. The court gave a limiting instruction to the jury with Marlowe's consent.

¶6 At the close of the state's case in chief, Marlowe moved for a Arizona Rule of Criminal Procedure rule 20 judgment of acquittal, which was denied. The court also denied a motion for a third-party defense instruction, since it was not noticed as a defense and not specifically presented, but the court ruled that Marlowe's counsel could still argue the defense generally to the jury. The jury convicted Marlowe as charged.

¶7 In a bifurcated proceeding, the jury found that the state had proven that Marlowe committed the offense while on felony release. The parties agreed that there was a mandatory sentence of probation for possession of marijuana as a second drug offense, and a mandatory sentence of two years in prison for committing the offense while on release for a different felony offense.

¶8 The court sentenced Marlowe to two years in prison with no credit for time served for committing an offense while on felony release and ordered him to serve one year on probation to run consecutively to his prison sentence. As allowed under A.R.S. § 13-603(K), the court waived imposition of community supervision for the offense while on felony release and ordered Marlowe's term of probation to begin immediately on his release from prison. As a special term of probation, the court ordered 128 days of jail time, with 128 days served. The court also ordered Marlowe to pay fines and fees of $130.00 per month and a probation assessment fee of $75.00 a month, beginning the second month of his term of probation and to running through the end of his probation.

¶9 Marlowe filed a timely notice of appeal on December 20, 2019. This court has jurisdiction under Arizona Constitution Article VI, Section 9, and A.R.S. 12-120.21(A)(1), 13-4031, and 13-4033(A)(C).

## DISCUSSION

¶10 We review Marlowe's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Marlowe was represented by counsel through trial and sentencing. The sentence imposed was within the statutory guidelines. We

decline to order further briefing and affirm Marlowe's conviction and sentence.

¶11       Upon the filing of this decision, defense counsel shall inform Marlowe of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Marlowe shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶12       For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA